**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ERLINDA DEL CARMEN ZAYAS-MORA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2259-KC** |
| | § | |
| **MARKWAYNE MULLIN, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Erlinda Del Carmen Zayas-Mora's Petition for a Writ of Habeas Corpus, ECF No. 1. Zayas-Mora, a citizen of Cuba, is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas. Pet. 1. She argues that her detention without an individualized custody determination is unlawful on constitutional due process grounds and asks the Court to order her release or a bond hearing. *Id.* at 12–13.

Zayas-Mora alleges that she entered the United States on or about March 24, 2022, and on March 28, 2022, the Government released her on an Order of Release on Recognizance. Pet. ¶¶ 17–19; *see also id*. Ex. 1, ECF No. 1-2. For the past four years, she lived openly in the United States and regularly compiled with the immigration process. *Id.* ¶ 2. She was recently arrested while attending a regularly scheduled immigration appointment on August 26, 2026. *Id.; see also* Resp. 9, ECF No. 4. Zayas-Mora does not have a final removal order. Pet. ¶ 24; Resp. 9. In its Show Cause Order, ECF No. 3, the Court noted that, "[a]s alleged, [Zayas-Mora's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)." Show Cause Order 3–4. The Court thus asked Respondents to engage with

its prior decisions and "explain whether the facts of Zayas-Mora's case warrant a different outcome." *Id.* at 4.

On September 11, 2026, Respondents filed their Response, in which they argue that Zayas-Mora's case must be dismissed following *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Resp. 1. Respondents also argue that the en banc Fifth Circuit's issuance of a stay of three district courts' judgments, which had each ordered the release of immigration habeas petitioners held under 8 U.S.C. § 1225(b)(2)(A), on due process grounds, *Sosnava Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 2104747 (5th Cir. July 21, 2026), bars this Court from considering Zayas-Mora's procedural due process claim. Resp. 1–5.

The Court construes Zayas-Mora's Petition to challenge her detention without an opportunity for a meaningful individualized custody determination as unlawful on constitutional due process grounds. *See* Pet. 12–13. To the extent Zayas-Mora challenges her detention on statutory grounds, the *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Zayas-Mora's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its

opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases). As to Respondents' latter argument that *Sosnava Rodriguez* bars consideration of Zayas-Mora's claim, Resp. 1–5, the Court rejects those arguments for the reasons stated in its Show Cause Order.[1] *See* Show Cause Order 1–4.

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–31, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88. Because Respondents have not identified any material differences between Zayas-Mora's case and this Court's prior decisions, and neither *Buenrostro-Mendez* nor the stay order in *Sosnava Rodriguez* bar consideration of Zayas-Mora's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

---

[1] Respondents also argue that the stay order entered in *Tolentino-Rodriguez v. Blanche* clarifies that *Sosnava Rodriguez* applies to "all cases in the Fifth Circuit cases [sic] involving habeas litigation surrounding mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and due process concerns." Resp. 5–7; *see also* Order, *Tolentino-Rodriguez v. Blanche,* No. 26-20424 (5th Cir. Aug. 27, 2026), ECF No. 32-1. But the order in *Tolentino-Rodriguez*, as in *Sosnava Rodriguez*, offers no explanation. If anything, the stay of the district courts' judgments in *Tolentino-Rodriguez* further undermines Respondents' argument that the *Sosnava Rodriguez* court intended to stay all immigration habeas proceedings throughout the Fifth Circuit. It shows, instead, that such stays must be requested and adjudicated ad hoc considering the particular circumstances of each case.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Zayas-Mora's Petition is **GRANTED IN PART** on procedural due process grounds.[3]

The Court **ORDERS** that, **on or before September 22, 2026**, Respondents shall either: (1) provide Zayas-Mora with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Zayas-Mora's continued detention; or (2) release Zayas-Mora from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before September 22, 2026**, Respondents shall **FILE** notice informing the Court whether Zayas-Mora has been released from custody. If Zayas-Mora has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Zayas-Mora is released from custody, Respondents shall **RETURN** all of her personal property in their custody, without which her liberty interest will be affected, to her upon release. Such property includes, but is not limited to, identification documents.

---

[2] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 9–10, and therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[3] As to Zayas-Mora's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**There will be no extensions of the September 22, 2026, deadlines**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 15th day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE